UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MARCELL WILLIAMS,

　　　　　　　　　　　Plaintiff,

　　　v.

WILLIAM RUEBART, *et al.*,

　　　　　　　　　　　Defendants.

Case No. 3:22-cv-00398-MMD-CLB

ORDER

*Pro se* Plaintiff Marcell Williams brings this civil rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims to have suffered while incarcerated at Ely State Prison. (ECF No. 8.) On March 31, 2023, this Court ordered Williams to file an amended complaint by April 30, 2023. (ECF No. 7.) The Court warned Williams that the action could be dismissed if he failed to file an amended complaint by that deadline. (*Id.* at 8.) That deadline expired, and Williams did not file an amended complaint, move for an extension, or otherwise respond.

I.    **DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in

1  expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk

2  of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

3  merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine*

4  *Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

5         The first two factors, the public's interest in expeditiously resolving this litigation

6  and the Court's interest in managing its docket, weigh in favor of dismissal of Williams's

7  claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal

8  because a presumption of injury arises from the occurrence of unreasonable delay in filing

9  a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542

10  F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of

11  cases on their merits—is greatly outweighed by the factors favoring dismissal.

12         The fifth factor requires the Court to consider whether less drastic alternatives can

13  be used to correct the party's failure that brought about the Court's need to consider

14  dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining

15  that considering less drastic alternatives *before* the party has disobeyed a court order

16  does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th

17  Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that

18  "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's

19  order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled

20  with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

21  Courts "need not exhaust every sanction short of dismissal before finally dismissing a

22  case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779

23  F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and

24  unless Williams files an amended complaint, the only alternative is to enter a second order

25  setting another deadline. But the reality of repeating an ignored order is that it often only

26  delays the inevitable and squanders the Court's finite resources. The circumstances here

27  do not indicate that this case will be an exception: there is no hint that Williams needs

28  additional time or evidence that he did not receive the Court's screening order. Setting

1    another deadline is not a meaningful alternative given these circumstances. So the fifth

2    factor favors dismissal.

3    **II.    CONCLUSION**

4            Having thoroughly considered these dismissal factors, the Court finds that they

5    weigh in favor of dismissal. It is therefore ordered that this action is dismissed without

6    prejudice based on Williams's failure to file an amended complaint in compliance with this

7    Court's March 31, 2023 order and for failure to state a claim. The Clerk of Court is directed

8    to enter judgment accordingly and close this case. No other documents may be filed in

9    this now-closed case. If Williams wishes to pursue his claims, he must file a complaint in

10   a new case.

11           It is further ordered that Williams's application to proceed *in forma pauperis* (ECF

12   No. 4) is granted. Williams shall not be required to pay an initial installment of the filing

13   fee. In the event that this action is dismissed, the full filing fee must still be paid under 28

14   U.S.C. § 1915(b)(2).

15           It is further ordered that Williams is permitted to maintain this action to conclusion

16   without the necessity of prepayment of any additional fees or costs or the giving of security

17   therefor.

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

It is further ordered that under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of **Marcell Williams, #1120655,** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Corrections at formapauperis@doc.nv.gov.

DATED THIS 22nd Day of May 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

4